**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 20, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40232
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

SERGIO JORGE DELEON-FUENTES,
also known as Jesus Humberto DeLeon,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-541-ALL
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sergio Jorge DeLeon-Fuentes appeals his guilty-plea conviction and sentence for violating 8 U.S.C. § 1326(a) and (b) by entering the United States, without permission, following both his conviction for an aggravated felony and subsequent deportation.

For the first time on appeal, DeLeon-Fuentes argues that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factor and not as an element of the offense.  He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47. DeLeon-Fuentes acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.